Catron, Ch. J.
delivered the opinion of the court.
There was pending in the Montgomery circuit court, a suit between Duke and Walker. Given had been summoned to give evidence for Duke; when the cause came on for trial, Given did not appear to testify as commanded by the subpoena; he was called, and a forfeiture taken against him for one hundred and twenty five dollars, pursuant to the act of 1794, ch. 1, sec. 29. A scire facias was is *479 sued notifying Given of the fact and calling upon him to show cause why execution should not issue for the forfeiture. He appeared and filed his own affidavit, alleging that the controversy between Duke and Walker grew out of work badly performed by Walker on the mill of Duke, who called on Given to put it in repair. Given refused, because he might be called on as a witness in the suit between Duke and Walker. Duke promised, if Given would put the mill into operation he should not be troubled as a witness, when he performed the work. Notwithstanding which, he was summoned as a witness: he complained of this, and Duke said to him he did not wish him to be confined at court, but to attend if convenient, and assured witness if he was absent when the suit should be tried, he should not be injured in consequence of such absence; that he did attend court on the day he was called out, and left town in the evening, another cause being before the court, and he returned next morning early.
Duke also filed his affidavit, in which he says he made no promise to Given not to summon him at the time he employed him to put his mill into operation. Admits that after Given was subpoenaed, he applied to affiant to dispense with his attendance, which he refused to do, and told Given he must punctually attend as a witness. That on the day of the trial he told Given, then at court, the cause was about to come on, and requested he should not be absent when called on. About fifteen minutes thereafter, the cause was called, when Given had left town without the assent, and expressly against the will of the affiant.
On these affidavits being filed, the record states, aThis day came the parties by their attorneys, and thereupon the defendant filed his reasons, supported by affidavit, for setting aside the judgment nisi in this cause, which are deemed sufficient by the court. Whereupon the judgment nisi was rescinded, and Given discharged. Duke *480 prosecuted his appeal m error to this court. The sub-r , , ir , r „ + ^-1 j-poena bound Given to attend from term to term until discharged by the court, or by Duke, by whom he had been summoned, and on default thereof he was subject to forfeit and pay one hundred and twenty five dollars to Duke; and was further liable to the full amount that Duke sustained damages for want of the testimony; but this could only be recovered by action.
Given having been in contempt for disobeying the process of the court, to the injury of Duke, and the legal penalty of one hundred and twenty five dollars having been imposed upon him, the enquiry is, 1st. What excuse or cause could he be permitted to show in discharge of the penalty; and 2d. By what description of evidence could the facts be proved, furnishing the excuse.
The act of 1794, ch. 1, sec. 29, furnishes two lawful excuses. 1st. He shall attend until discharged by the court or paity summoning him. 2d. Physical incapacity to attend, high waters and' the like. Incapacity is not set up in this case.
Did Duke discharge Given from further attendance? This the affidavit does not show; but that Duke agreed that Given need not attend unless it suited his convenience, and that if he was not there at the trial he should notbe called out. This might have been sufficient evidence that the witness had been discharged, if made by a competent witness. This was a naked fact; and admitting the court had the power to determine whether Duke had in effect discharged Given as a witness, could Given be heard to prove the fact by his own affidavit? Suppose Given had pleaded that Duke had discharged him from further attendance, and issue had been taken, could Given have been a witness on that issue? Clearly not. If the court then can in a summary way try the issue, the proof must be competent, as before a jury. Suppose Duke had not called Given on the trial, and been cast, and Given had proved his attendance, and Duke had moved *481 to quash the execution for the amount claimed by the witness, because he had been discharged before the trial. Could Duke have proved the fact of discharge by his own oath? We think not. The proceeding in such case would be summary and upon affidavit.
We are told Duke’s counter affidavit was just as good for him as that of Given’s was to resist the motion for final judgment; and so it was; but neither were competent evidence on the trial of the fact presented. It would be most pernicious in its consequences to ascertain facts upon the swearing of the parties, as this litigation shows. One of these men has sworn what was untrue, and knowingly, beyond doubt. They are witnesses of all others most directly interested in the event of the suit by scire facias, subject to the greatest temptations to commit per-juiy, and wholly inadmissible. The rule that a witness interested in the event of the suit, is Incompetent to give evidence on the trial, is grounded partly on the -presumption that he is not entitled to credit under the temptation to swear falsely in his own behalf, and partly to guard the morals of society, by preserving the witness from temptation; a moral admonition resting on the highest authority, sanctioned in a remarkable degree by the English common law, in the observance of which, and in the mode of trial by jury, it rests in a great degree its high claims to celebrity. Before a jury, certainly no evidence to decide the rights of the parties, made by themselves, could have been heard. And the court having been substituted as the tribunal to determine the facts in a summary way upon motion, could only hear evidence that would have been competent on a jury trial of the same fact.
The defendant, Given, having made no excuse, the judgment below must be reversed, and judgment final be entered up for the plaintiff, Duke, with costs.
Judgment reversed.